## Case No. 18,054.

### WORTHINGTON et al. v. JEROME.

[5 Blatchf. 279.] [2]

Circuit Court, S. D. New York. Oct. 28, 1865.

DISCHARGE UNDER STATE INSOLVENT LAW—EFFECT —CREDITOR RESIDING IN ANOTHER STATE.

1. A discharge of a debtor, under a state insolvent law, does not discharge a debt due by him to a person who resides in another state at

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

the time the insolvent proceedings take place, and who does not become a party to such proceedings.

2. That the debt has passed into a judgment, before the proceedings, makes no difference.

3. Nor does it make any difference, that the indebtedness rests on a contract payable at a place within the state in which the insolvent proceedings take place.

This was an action on a judgment. The defendant [Leonard W. Jerome] pleaded an insolvent's discharge, and the plaintiffs [Lewis Worthington and others] demurred to the plea.

James K. Hill, for plaintiffs.
William H. Anthon, for defendants.

NELSON, Circuit Justice. The plaintiffs, who are citizens of Ohio, recovered a judgment against the defendant, in the superior court of the city of New York, in 1851, for the sum of $1,147.05. In 1855, the defendant obtained the benefit of the insolvent act of the state of New York, the discharge under which is now set up as a bar to this action on the judgment. The plaintiffs were citizens and residents of Ohio at the time of the insolvent proceedings, and took no part in them. It has been repeatedly held by the supreme court of the United States, and as late as the case of Baldwin v. Hale, 1 Wall. [68 U. S.] 223, that a discharge under a state insolvent law does not affect the obligations of the debtor to foreign creditors, to which class the plaintiffs belong, they being residents of the state of Ohio, unless they make themselves parties to the insolvent proceedings. This seems to be conceded by the counsel for the defendant; but it is supposed, that the circumstance that the indebtedness had passed into a judgment before the proceedings, takes the case out of the principle. I think not. The insolvent court acquired no jurisdiction over the plaintiffs, or over any indebtedness, whether resting in judgment or in contract, due to them by the debtor. The discharge was coram non judice as to the foreign creditor, and would have been so, even if the indebtedness had rested on a contract payable at a place within the state in which the insolvent proceedings took place. Judgment for the plaintiffs.